UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JESSECA C. H.,

        Plaintiff,

v.

                                                    Case No. 4:22cv93

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

        Defendant.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Jesseca C.H. brought this action under 42 U.S.C. § 405(g), seeking judicial review of the decision of the Acting Commissioner of Social Security to deny her claim for disability under the Social Security Act. ECF No. 1, attach. 1. Plaintiff initially filed her Complaint for judicial review on February 24, 2022. ECF No. 1, attach. 1. Defendant removed the case to this Court on September 6, 2022, and answered the Complaint on September 29, 2022. ECF Nos. 1, 4. This action was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) by order on October 4, 2022. ECF No. 6.

On October 13, 2022, the undersigned entered an order directing Plaintiff to file a motion for summary judgment by November 14, 2022. ECF No. 7. Plaintiff failed to comply with the order. On November 28, 2022, Defendant filed a motion to dismiss the case for failure to prosecute with a memorandum in support and a *Roseboro* Notice. ECF Nos. 8–10. The notice, issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) and Local Civil Rule 7(K), advised Plaintiff that failure to respond to the motion to dismiss within 21 days could result in dismissal of

the action. ECF No. 10.

In addition, the Court entered a show cause order on January 6, 2023, ordering Plaintiff to file, within fourteen (14) days of the date of the Order, an explanation and show cause why the undersigned should not recommend to the United States District Court Judge that her Complaint be dismissed for failure to prosecute or to comply with the rules and order of the Court. ECF No. 11. On January 19, 2023, Plaintiff responded to the Show Cause Order, stating information about her symptoms and circumstances, and explained that she has not been able to file a motion "due to factors beyond [her] control." ECF No. 12. On March 29, 2023, the undersigned issued an order explaining that Plaintiff would be permitted additional time to file her motion for summary judgment, and ordered Plaintiff to file a motion for summary judgment no later than April 28, 2023. ECF No. 13. On April 28, 2023, Plaintiff filed a document that explained her symptoms and diagnoses, and stated that she is "filing a motion for summary judgment." ECF No. 14 at 2. However, Plaintiff's filing did not address why she is entitled to summary judgment in this case.

In light of this history, Plaintiff has failed to file a motion for summary judgment or any explanation for her failure to so file. Plaintiff has failed to prosecute this case and comply with the orders of this Court. Therefore, the case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that Defendant's motion to dismiss, ECF No. 8, be **GRANTED** and the Complaint, ECF No. 1, attach. 1, be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

## **REVIEW PROCEDURE**

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Plaintiff and the Commissioner.

/s/ Lawrence R. Leonard
United States Magistrate Judge

Newport News, Virginia
May 30, 2023